## GUARDIANS, NATURAL AND TESTAMENTARY.

Probate Court of Hamilton County.

IN THE MATTER OF THE APPOINTMENT OF GUARDIAN OF THE PERSON AND ESTATE OF FRANK CHARLES GERBIG, A MINOR AGED 8 YEARS.

Decided, May 19, 1911.

*Parent and Child—Guardian and Ward—Best Interest of Child Must Determine as Between Natural and Testamentary Guardian—Sections 10916 and 10931.*

1. The appointment by the probate court of a testamentary guardian of a minor child will be set aside, where it appears that the appointment was made without notice to the surviving parent, who was living at the time within the jurisdiction of the court.

2. A decree of divorce which gives the custody of a minor child to one of the parents does not clothe that parent with authority to appoint a testamentary guardian for the child, and as between the testamentary guardian and the surviving parent, the court will consider only the best interests of the child in choosing its guardian.

*M. C. Lykins* and *Chas. H. Jones*, for the motion.

*Jerome D. Creed*, contra.

LUEDERS, J.

This matter comes before this court upon a motion filed by Margaret Gerbig, on May 11, 1911, to set aside the appointment of Sophia Sprengel, made on May 3, 1911, as guardian of the person and estate of said Frank Charles Gerbig, a minor aged eight years, for the following reasons:

First. That said appointment was made by the court without notice to the mother of said minor, though she was a resident of the county of Hamilton, as the applicant for said appointment well knew.

Second. That the care, custody and control of said minor was, at the time of said appointment, under the jurisdiction of the Court of Insolvency of Hamilton County, Ohio, by virtue of certain proceedings pending in said court, wherein Frank Gerbig is plaintiff and Margaret Gerbig is defendant, being cause No. 3403 on the docket of said court.

Third.  Other manifest reasons for the welfare of the said Frank Charles Gerbig.

The motion is resisted by Sophia Sprengel, the guardian appointed by this court on May 3, 1911, on the ground that Frank Gerbig, the father of said Frank Charles Gerbig, minor. has since died, and in his last will and testament, which was duly probated in this court on the 2d day of May, 1911, appointed, and requested the Probate Court of Hamilton County, Ohio, to appoint her, the said Sophia Sprengel, as the guardian of the person of said Frank Charles Gerbig.

Section 10936 of the General Code provides that a guardian be given thirty days notice in matters of removal of a guardian. Whether the attorneys representing the parties in this cause have waived this thirty days notice, the court is unable to tell.

It is agreed by both parties to this contention that on March 9, 1911, divorce proceedings were commenced by Frank Gerbig, now deceased, against Margaret Gerbig, who moves to set aside the appointment of the guardian; that subsequently, on March 15, 1911, said Margaret Gerbig filed an answer and cross-petition to said divorce proceedings; that subsequently, on March 28, 1911, Frank Gerbig filed a reply; and that, after a hearing of the case before Hon. A. M. Warner, Judge of the Insolvency Court, a decree of divorce was entered in said case, finding that:

"The defendant, Margaret Gerbig, has been guilty of gross neglect of duty and extreme cruelty, and that by reason thereof the plaintiff is entitled to a divorce.

"The court further find that the defendant, Margaret Gerbig, has failed to establish any of the allegations of her answer and cross-petition, and that the plaintiff is not guilty of any of the charges therein contained, and it is therefore ordered that said answer and cross-petition of the defendant be, and the same is dismissed.

"It is further ordered that the care, custody, education and control of Frank Charles Gerbig, a minor eight years of age, child of the parties, be confided to the said Frank Gerbig, plaintiff herein, exclusively; and the said Margaret Gerbig is enjoined from interfering in any manner with said child, or with the said Frank Gerbig, the plaintiff herein, in his custody of said child. Privilege, however, is given said Margaret Gerbig, defendant herein, until further order of said insolvency court to visit said child on Sunday afternoons of each week, between certain hours,

and said visits by her to said child to be in the presence of either the plaintiff or some suitable person to be selected by him.''

It is further agreed by both parties to said contention that the last will and testament of Frank Gerbig appointed and requested the appointment of Sophia Sprengel, the sister of Frank Gerbig, deceased, as guardian of the person of said Frank Charles Gerbig, and that said Sophia Sprengel, in accordance with the directions set forth in said last will and testament did on the 2d day of May, 1911, apply to the Probate Court of Hamilton County, Ohio, for the appointment as testamentary guardian, and that on May 3, 1911, she qualified as such guardian and was appointed as such.

The first question to be considered is the question of notice. From the records of this court, I find that Sophia Sprengel, the guardian appointed, gave no notice to Margaret Gerbig, the mother of said child.

In the case of *Boescher* v. *Boescher*, 5th Vol. Ohio Decisions, the Lucas County Common Pleas Court lays down this rule:

''Section 6255 (now Section 10916, General Code) limits the power of appointment of a guardian to cases where the minor has no parents, or where both are unsuitable, and in proceedings to appoint a guardian, such qualifications must be shown and the parent given an opportunity to defend by being made a party; and failure to do this is not due process of law.''

In *Fisher et al* v. *W. P. Madden et al*, Greene County Common Pleas Court, 12 O. D., page 83, the rule is laid down that:

''It is not necessary to notify a minor of the application for the appointment of a guardian, but the parents of the infant, if living, unless the applicants or participants in the proceeding should be notified.''

In the case under consideration, the court is of the opinion that because no notice had been given to Margaret Gerbig, the mother of the child, and that she is clearly entitled to have a notice in so important a matter to her, to-wit, the appointment of a guardian of her child, it is the opinion of the court that for this reason the motion should be granted and the appointment set aside.

. Coming now to Section 6267 (in the General Code, Section 10931), which section gives testamentary guardians a preference, and under which section Sophia Sprengel was appointed as guardian in this case, it seems to be the law that in cases of this character, having had divorce proceedings precede them, this section does not apply. The law is plainly stated in the case of Cooms, reported in Vol. 20 O. C. C. Reports (Hancock County, Ohio, December term, 1899), where the court held as follows:

"An order made by the court of common pleas in a divorce proceeding, giving control of the minor child to the mother until the further order of that court, is a continuing order, and as between the parties to it retains the child in the arms of the law, and does not of itself confer such authority upon the mother as empowers her to appoint a guardian for the child under Section 6266 by her last will."

In other words, the fact that the decree of the insolvency court giving the custody of this child to the father, does not give him the right to appoint a testamentary guardian, although Sections 10930 and 10931, of the General Code, confer this power. It is the opinion of the court that for the reasons again given said appointment should be set aside.

The cases cited by attorneys for Margaret Gerbig, to-wit, *Rogers* v. *Rogers,* 51 O. S.; *Neil* v. *Neil,* 38 O. S., and *Hoffman* v. *Hoffman,* 50 O. S., do not state the principle of law as clearly as does the case cited by the court, to-wit, the case *In re Cooms.*

It is the opinion of the court that, in order that a proper record of this matter be made, that Margaret Gerbig, by her attorney give Sophia Sprengel, the testamentary guardian appointed herein, the thirty days' notice as required under Section 10936 of the General Code, and when the statutory time has elapsed, an entry be placed on the records of this court setting aside the appointment of said Sophia Sprengel, as testamentary guardian, on the ground that due notice has not been given to Margaret Gerbig, the mother of said child.

After this entry has been duly placed of record, it is the opinion of the court that Margaret Gerbig, the mother of the child, should make application in the usual way for the appointment of a guardian for her child, as should also Sophia Sprengel make

application as testamentary guardian for the guardianship of said child, and should give due notice to said Margaret Gerbig, mother.

All persons interested and entitled to be summoned and having had due notice, the probate court will hear both applications, and upon the testimony adduced will make such appointment as will be for the best interest and welfare of the minor.

The object and the intent of the law are not as to what particular person or persons are appointed as guardian. The only interest in the guardianship matter is the well-being, the care and the welfare of the child.